1
Genie Harrison, SBN 163641
Amber Phillips, SBN 280107
2
**SCHONBRUN DeSIMONE SEPLOW**
**HARRIS HOFFMAN & HARRISON LLP**
3
715 Fremont Ave., Suite A
South Pasadena, CA 91030
4
Telephone No.: (626) 441-4129
Facsimile No.: (626) 283-5770
5
gharrison@sdshhlaw.com
aphillips@sdshhlaw.com

6
David A. Lowe, SBN 178811
7
**RUDY EXELROD ZIEFF & LOWE LLP**
351 California Street, Suite 700
8
San Francisco, CA 94101
Telephone No.: (415) 394-6078
9
Facsimile No.: (415) 434-0513
dal@rezlaw.com

10

11
Attorneys for PLAINTIFF Michael Mawn

12
**UNITED STATES DISTRICT COURT**

13
**CENTRAL DISTRICT OF CALIFORNIA**

14

15
MICHAEL MAWN, an individual,
       )    Case No. CV 12-3741-DMG(JCGx)

16
     Plaintiff,
       )    Hon. Dolly M. Gee

17
    vs.
       )    **STIPULATION AND [~~PROPOSED~~]**

18
CITY OF LONG BEACH, , DEPUTY
CHIEF JEFFREY J. CRAIG, CITY
       )    **PROTECTIVE ORDER**
**GOVERNING DISCOVERY**

19
MANAGER PATRICK WEST and
DOES 1 through 20, inclusive,
       )    **MATERIAL**

20
       )

21
     Defendants.
       )

22

23
///

24
///

25
///

26
///

27
///

28

Plaintiff Michael Mawn ("Plaintiff") and Defendants City of Long Beach, Jeffrey J. Craig, and Patrick West (hereinafter "Defendants") (collectively the "Parties") have propounded or intend to propound and engage in discovery. The Parties contend that the disclosure of some responsive information would entail the disclosure of confidential and/or personal information not otherwise available to such other parties or the public generally. Thus, the Parties believe issuance of a protective order is appropriate pursuant to Rule 26(c)(1) of the Federal Rules of Civil Procedure to protect, among other things, such confidential information.

## I.   TYPES OF CONFIDENTIAL INFORMATION TO BE COVERED BY THIS PROTECTIVE ORDER

The Parties specifically seek protection for the following four types of DOCUMENTS (as further defined below):

(1) Non-public personnel information or files for Mr. Mawn, former Deputy Police Chief Craig, or other individuals;

(2) Non-public information contained within said personnel files, such as date of birth, social security numbers, pension plan payments (or account numbers), or other information which could potentially reveal bank, credit, pension, or other financial or private information about a specific individual. This category also includes personal financial information compiled or presented about the financial net worth (or other assets or liabilities) of any individual Defendant in this litigation, without regard to whether certain types of assets (i.e., real estate holdings) might be potentially derived from a search of a public source.

(3) Non-public medical information about Mr. Mawn, including but not limited to medical records, any doctor's diagnosis, prescriptions for medications, recommendations for therapy, or other medical evaluations or tests; and

(4) Non-public information about the operations and conduct of the City of Long Beach's 911 Emergency Communications Center, including information about the

[PROPOSED] STIPULATED PROTECTIVE ORDER

names, identities, or phone numbers of any person who has called that Center or non-public current response times by the Police Department broken down by specific area or precise location within the City of Long Beach.

The Parties submit that such types of information could cause one or more of the Parties "annoyance, embarrassment . . . or undue burden or expense" if the non-public information were revealed without the protections proposed by this Protective Order.

Accordingly, **IT IS HEREBY STIPULATED AND AGREED** by the Parties in this action, through their undersigned counsel and subject to the approval of the Court, the following provisions shall govern documents and information produced in this action:

## II.   <u>PROPOSED ORDER</u>
### A.   <u>DEFINITIONS</u>

1.   <u>Confidential Information</u>.  During discovery, any information or material within the scope of Rule 26(b)(1) of the Federal Rules of Civil Procedure and the scope of Part I of this Protective Order, disclosed by the production of any DOCUMENT may be designated as "CONFIDENTIAL" by the person or entity producing, providing, filing or lodging it or by any Party to this action ("Designating Person").  "CONFIDENTIAL" information includes all information or material derived from it.  CONFIDENTIAL information shall <u>not</u> include any publicly available information and no Party shall designate information that he or it knows to be publicly available as "CONFIDENTIAL" within the meaning of this Protective Order.

2.   <u>Document</u>: As used herein, including above, "DOCUMENT" means any "record" as defined under Federal Rule of Evidence 101, or any other type of written material or any other medium including electronically stored information.  For purposes of this Protective Order only, a portion of a deposition transcript that contains review or discussion of information designated as CONFIDENTIAL shall also constitute a

DOCUMENT, including any exhibit attached to the deposition transcript which is designated as CONFIDENTIAL.

### B.  <u>ACCESS LIMITS TO DOCUMENTS DESIGNATED AS "CONFIDENTIAL"</u>

1.  <u>Access to Confidential Information</u>.  The designation of any DOCUMENT as "CONFIDENTIAL" shall not preclude any Party from showing or providing a copy of the document to any person who appears as an author, addressee or recipient on the face of the document. "CONFIDENTIAL" information shall not be otherwise used or disclosed for any purposes whatsoever, except in connection with the litigation of the action (including any appeal), and may be disclosed only to the following persons:

(a)  the named Parties to this action and their officers, directors and/or employees and those employees employed as of the date the document was created who were in a position to have access to the document;

(b)  the Parties' counsel, including in-house counsel, and such counsel's legal associates, paralegals, secretaries and office staff;

(c)  independent experts or consultants and their staffs specifically retained to assist counsel in this;

(d)  third parties specifically retained by counsel for Parties to this action (or their legal associates and their office staff) for copying or computer coding of documents;

(e)  the Court, law clerks, court reporters and court officers reviewing any motion or pre-trial discovery matters in which CONFIDENTIAL DOCUMENTS are involved; and

(f)  any witness shown the document in a deposition or at trial in this litigation.

2.  <u>Access to and Copies of Confidential Documents</u>.  Copies and extracts of "CONFIDENTIAL" DOUCMENTS may be made by or for only those persons authorized by paragraph 1 to review such materials provided that all copies and extracts

[PROPOSED] STIPULATED PROTECTIVE ORDER

are appropriately marked as "CONFIDENTIAL." All copies and extracts of "CONFIDENTIAL" information are subject to the provisions of this Stipulation as though they were original "CONFIDENTIAL" information.

3. <u>Custody of Confidential Documents</u>. All documents containing information designated "CONFIDENTIAL" and notes or other records regarding that information shall be maintained in the custody of the Parties' outside and/or in-house counsel and no partial or complete copies thereof containing "CONFIDENTIAL" DOCUMENTS shall be retained by anyone else at any location except that independent experts and consultants may retain documents on a temporary basis for purposes of study, analysis and preparation of the case.

4. <u>Designating Documents</u>. The designation of all or a portion of a document as "CONFIDENTIAL" shall be made by placing such legend on each designated page of the DOCUMENT prior to production. DOCUMENTS produced in native format shall have the legend "CONFIDENTIAL" noted on the disc or other device used to produce those documents.

## C. <u>USE OF DOCUMENTS DESIGNATED AS CONFIDENTIAL AT ANY PRE-TRIAL PROCEEDING OR MOTION</u>

The Parties intend these procedures to be limited to pre-trial motions and filings with the Court. The Parties recognize that different or additional procedures may be required at trial and, if so, will address any such procedures in the submittal related to a Pre-Trial Order for this case.

1. <u>Procedures for Filing DOCUMENTS under Seal</u>.

(a) Prior to lodging and/or filing any "CONFIDENTIAL" information or offering it for admission as evidence, the Party seeking to lodge and/or file the "CONFIDENTIAL" information or offer the "CONFIDENTIAL" information for admission as evidence shall make a good faith effort to obtain an order from the court to allow submission of the "CONFIDENTIAL" information under seal in compliance with

Rule 5.2(d) of the Federal Rules of Civil Procedure and Local Rule 79-5 as the same may be applicable.

(b)     The court's denial of a motion to seal brought pursuant to Rule 5.2(d) of the Federal Rules of Civil Procedure and Local Rule 79-5 shall not bar the use of the "CONFIDENTIAL" information or the offering of it for admission as evidence in connection with any motion, proceeding in this matter and such use of or offering in evidence of the "CONFIDENTIAL" information shall not constitute a breach of this Stipulation.

(c)     Notwithstanding (a) above, upon written agreement and/or stipulation by the Parties, specific "CONFIDENTIAL" information may be lodged and/or filed or offered for admission as evidence not under seal in connection with any motion, proceeding or trial in this matter and such use of or offering in evidence of the "CONFIDENTIAL" information shall not constitute a breach of this Stipulation.

(d)     The Parties expressly agree that lodging and/or filing of "CONFIDENTIAL" information with the Court not under seal shall not be deemed nor constitute a waiver of confidentiality under the terms of this Stipulation.

## D.     **OTHER PROVISIONS FOR THIS PROTECTIVE ORDER**

1.     <u>Objections to Designation of Document as CONFIDENTIAL</u>.

The Parties agree that the "CONFIDENTIAL" designation of any DOCUMENT by a Party is entitled to a presumption of appropriateness and that a challenge to the propriety of the designation shall not be made in the absence of a good faith basis. Upon a good faith basis only, a Party may challenge the propriety of any designation under this Stipulation at any time.  A challenge may be made by serving on all other Parties a captioned notice of objection which shall identify with particularity the "CONFIDENTIAL" information as to which the designation is challenged, explicitly and in detail explain the good faith basis for each challenge and propose a new designation for each item.  The challenged material shall be deemed re-designated as

[PROPOSED] STIPULATED PROTECTIVE ORDER

1    proposed unless, within ten (10) calendar days after service, the Designating Person has

2    filed and served a motion for a protective order to maintain the original designation or to

3    establish other confidentiality protections.

4         2.    <u>No Prejudice</u>.

5         (a)    Nothing in this Stipulation shall preclude any Party from seeking and

6    obtaining additional or different protection with respect to the confidentiality of any

7    information or material.

8         (b)    This Stipulation shall not diminish any existing obligation or right with

9    respect to "CONFIDENTIAL" information, nor shall it prevent a disclosure to which the

10   Designating Person consents before the disclosure takes place.

11        3.    <u>Discovery Obtained By Other Means</u>.  This Stipulation is not applicable to

12   "CONFIDENTIAL" information if copies of such documents already have been

13   obtained by the receiving party in a manner not subject to this Stipulation.

14        4.    <u>Final Disposition</u>.  Within 45 calendar days of the final termination of the

15   entire action, including any appeal(s), and at the written request of the designating or the

16   producing person, all "CONFIDENTIAL" information and all copies thereof shall be

17   returned to counsel for the person that produced the material or destroyed.  However,

18   counsel may retain one copy of pleadings, attorney and consultant work product and

19   depositions for archival purposes.

20        5.    <u>Subpoenas Seeking Confidential Material</u>.  If any person that has obtained

21   "CONFIDENTIAL" information under the terms of this Stipulation receives a subpoena

22   commanding the production of any such "CONFIDENTIAL" information, such person

23   shall promptly notify the Designating Person of the service of the subpoena in order to

24   afford the Designating Person an opportunity to object.   The person receiving the

25   subpoena shall not produce any "CONFIDENTIAL" information in response to the

26   subpoena without either the prior written consent of the Designating Person or a prior

27   order of the Court in which the subpoena was served.

28

[PROPOSED] STIPULATED PROTECTIVE ORDER

6.    <u>Improper Disclosure</u>.  The Parties and their counsel shall have the duty to use reasonable care and precaution to protect the confidentiality of material covered by this Stipulation.  If "CONFIDENTIAL" information submitted in accordance with the terms of this Stipulation is disclosed to any person other than in the manner authorized by the terms herein, the Party and person responsible for the disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of the Party producing such information and, without prejudice to any other rights of the Designating Person, make every effort to prevent further disclosure by it or by the person(s) to whom such information was disclosed.

7.    <u>Survival</u>.  The binding effect of this Stipulation shall survive termination of this action and the court shall retain jurisdiction to enforce the Stipulation.

8.    <u>Stipulation</u>.  This Stipulation shall be deemed in full force and effect until the Court's approval of the terms of the Stipulation in the form of a Protective Order, although the terms of this Stipulation are subject to modification if the Court makes any subsequent modifications thereto pursuant to entry of the Protective Order.

**IT IS SO STIPULATED.**

Dated:  August ___, 2013

SCHONBRUN DESIMONS SEPLOW HARRIS HOFFMAN & HARRISON LLP


By:_____
          Genie Harrison
          Amber Phillips
          Attorneys for Plaintiff
          MICHAEL MAWN

8

[PROPOSED] STIPULATED PROTECTIVE ORDER

1  Dated:  August ___, 2013                    RICHARDS WATSON GERSHON

2

3                                              By:_____

4                                                   Norman Dupont

5                                                   Lisa Bond

6                                                   Sean Gibbons
                                                    Attorneys for Defendants
7                                                   CITY OF LONG BEACH; JEFFREY
                                                    J. CRAIG; PATRICK WEST
8

9

10

11  **IT IS SO ORDERED**

12

13  September 19, 2013

14

15                                             _____

16                                             Hon. Jay C. Gandhi
                                               United States Magistrate Judge
17

18

19

20

21

22

23

24

25

26

27

28

                        [PROPOSED] STIPULATED PROTECTIVE ORDER